Rick A. SHACKET, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 02CV256 R(JSR).

United States District Court, S.D. California.

Aug. 24, 2004.

William J. Phippard, Guevara Phippard and James, San Diego, CA, for Plaintiff.

Jennifer L. Best, Washington, DC, U.S. Attorney CV, San Diego, CA, for Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

RHOADES, District Judge.

### I. Background

Dr. Rick Shacket ("plaintiff Shacket"), who is serving time in federal prison for conspiracy to defraud the United States, brings this action pursuant to the Administrative Procedures Act, 5 U.S.C. § 552 *et seq.* seeking the disclosure of an IRS Special Agent's report that led to the decision to prosecute him. Named as defendants are the United States of America, the Internal Revenue Service, and the United States Department of Justice.

Defendants have filed a motion for summary judgment. Prior to his withdrawal as counsel, plaintiff Shacket's former counsel filed materials in opposition to the motion for summary judgment. After his withdrawal, the court granted plaintiff Shacket an additional six months to hire new counsel and to file additional materials in opposition to the motion. Plaintiff Shacket has not filed any additional materials. The court concludes that plaintiff Shacket has had ample time and opportunity to oppose the motion. For the reasons set forth below, the motion is granted.

### II. Background

In January 1996, the IRS initiated an investigation into the activities of plaintiff Shacket, with a request for approval of a grand jury. The grand jury investigation was approved. In September 1996, the grand jury investigation was transferred to Special Agent ("SA") Angeline Ortanez. The Special Agent's Report ("SAR") that

is the subject of this lawsuit was prepared by SA Ortanez in connection with her assigned duties within the grand jury investigation. The SAR includes: "(1) a description of the scope (by time-frame and by issue) and strategy of the investigation; (2) Ortanez's analysis of the evidence obtained and what it proved or demonstrated (and what it did not prove); (3) Ortanez's recommendation regarding what additional evidence, if any, should have been sought; (4) Ortanez's analysis of the strengths and weaknesses of the government's case against Plaintiff; and (5) Ortanez's recommendation regarding prosecution potential." Declaration of Angeline F. Ortanez ¶ 6. Attached to the SAR are exhibits, including "documents obtained from third parties pursuant to grand jury subpoena, notes of interviews of witnesses obtained pursuant to grand jury subpoena, and descriptions of objects seen or obtained pursuant to the search warrants." *Id.* ¶ 7. All of the documents attached to the SAR as exhibits "were obtained in the course of developing the case and presenting it to the grand jury." *Id.*

### III. Analysis

The FOIA requires government agencies to disclose to the public any requested documents. *See* 5 U.S.C. § 552(a); *Assembly of State of Cal. v. U.S. Dept. of Commerce,* 968 F.2d 916, 920 (9th Cir. 1992). "The agency may avoid disclosure only if it proves that the documents fall within one of nine enumerated exemptions." *Assembly,* 968 F.2d at 920. "The government has the burden to prove that a requested document falls within one of FOIA's exemptions." *Id.*

 5 U.S.C. § 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Exemption 5 shields documents "'normally privileged in the civil discovery context.'" *Carter v. U.S. Dept. of Commerce,* 307 F.3d 1084, 1088–9 (9th Cir. 2002) (quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)); *see also F.T.C. v. Grolier Inc.,* 462 U.S. 19, 26–27, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983) ("'Exemption 5 incorporates the privileges which the Government enjoys under the relevant statutory and case law in the pretrial discovery context.'") (quoting *Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 184, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975)). Thus, Exemption 5 "covers the attorney-client privilege, the attorney work-product privilege, and the executive 'deliberative process' privilege...." *Maricopa Audubon Soc. v. U.S. Forest Service,* 108 F.3d 1089, 1092 (9th Cir.1997) (citing *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 862 (D.C.Cir.1980)). The government here claims that the SAR is exempt from disclosure pursuant to Exemption 5 because, *inter alia,* it is protected by the attorney work product doctrine.

 "To determine whether a communication is protected by the work-product privilege, courts examine 'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *May v. Internal Revenue Service,* 85 F.Supp.2d 939, 949 (W.D.Mo.1999) (quoting *Simon v. G.D. Searle & Co.,* 816 F.2d 397, 401 (8th Cir. 1987)). According to Ms. Ortanez:

> The purpose of the SAR was to present in a brief and coherent format the significant evidence gathered in the course of the investigation, my analysis of the evidence, and my recommendations (with the concurrence of my reviewers) re-

garding whether the government should seek an indictment of plaintiff. The completed SAR was forwarded to the Department of Justice Tax Divisions, to the attention of the Tax Division Trial Attorney who was simultaneously the Special Assistant United States Attorney in charge of the grand jury investigation, for use in deciding whether to seek an indictment, and whether to pursue criminal prosecution.

Clearly, Ms. Ortanez's declaration establishes that the SAR was prepared because of the prospect of a criminal prosecution. Moreover, plaintiff does not dispute that this was the reason why the SAR was prepared. Accordingly, SAR falls within the work-product doctrine. *See May,* 85 F.Supp.2d at 950 (concluding that Exemption 5 covered both a letter indicating that it was being prepared for purposes of pursuing a prosecution and setting forth the factual basis for the potential prosecution and a memorandum prepared by an Assistant United States Attorney that contained "a summary of the evidence gathered together with recommendations as to possible courses of action with respect to the criminal prosecution of" the plaintiff).

■ Plaintiff contends Exemption 5 is not a blanket exemption and cannot be used to shield the entire SAR and attached exhibits from disclosure. Plaintiff's position, however, is unavailing. Although 5 U.S.C.A. § 552(b) provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection,"

the court concludes that Exemption 5 protects from disclosure the entire SAR, including the factual material contained therein and the attached exhibits. Although some courts confronted with the assertion that nondisclosure is warranted under Exemption 5 have concluded that Exemption 5 does not protect from disclosure purely factual information, those courts have been confronted with an assertion of Exemption 5 based on the deliberative process privilege,[1] not the work-product privilege. *See, e.g., Environmental Protection Agency v. Mink,* 410 U.S. 73, 91, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973) ("In the present case, the petitioners proceeded on the theory that all of the nine documents were exempt from disclosure in their entirety under Exemption 5 by virtue of their use in the decision making process."); *Army Times Pub. Co. v. Department of Air Force,* 998 F.2d 1067, 1071 (D.C.Cir.1993) (noting that "the Air Force refused to turn over the vast majority of the information requested by appellant, claiming that release of the material would threaten its 'deliberative process' "); *Providence Journal Co. v. U.S. Dept. of Army,* 981 F.2d 552, 559 (1st Cir.1992) (noting that "[t]he Army relies on the executive or 'deliberative process' privilege"). Courts that have considered an assertion of Exemption 5 based on the work-product doctrine have reached a different conclusion. As the D.C. Circuit stated:

> An important part of what is protected by the privilege for attorney work-product is the attorney's consideration and weighing of the facts. *Hickman v. Tay-*

1. "The purpose of [the deliberative process] privilege is 'to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny.' " *Carter,* 307 F.3d at 1089 (citing *Assembly,* 968 F.2d at 920 (in turn citing *Sears,* 421 U.S. at 150–54, 95 S.Ct. 1504; *EPA v. Mink,* 410 U.S. 73, 85–94, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973))). Thus, besides attorney work-product, "Exemption 5 covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.' " *Carter,* 307 F.3d at 1089 (quoting *Klamath,* 532 U.S. at 8, 121 S.Ct. 1060, 149 L.Ed.2d 87).

*lor,* 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Kent Corp. v. NLRB,* 530 F.2d 612, 624 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287· (1976) (FOIA exemption 5). Because of this, even the factual material segregated from attorney work-product is likely to reveal some of the attorney's tactical and strategic thoughts. While the government cannot exempt pure statements of fact from disclosure by calling them attorney work-product, we agree with the Fourth and Fifth Circuits that material which might disclose an attorney's appraisal of factual evidence is attorney work-product exempted from disclosure by exemption 5.

*Mervin v. F.TC.,* 591 F.2d 821, 826 (D.C.Cir.1978). Thus, in *Mervin,* the D.C. Circuit court concluded that the FTC need not disclose any portion of four memoranda that were prepared by government attorneys while the FTC was defending against a lawsuit for reinstatement. The court rejected the plaintiff's contention that he was entitled to disclosure of those portions of the memoranda which contained statements of fact concerning his dismissal, explaining that "to the extent the documents at issue contain factual material, it is incidental to and bound up with, discussion of litigation strategy and the deliberative processes of attorneys actually preparing their defense for a pending lawsuit." *Id.* Accordingly, the court held that the "factual" material in the memoranda was actually privileged work-product and the plaintiff was not entitled to it.

█ The declaration of SA Orantez establishes that to the extent the SAR contains factual material, that material was

included in order to illustrate and support Ortanez's conclusion that plaintiff should be prosecuted and, therefore, such material was "incidental to and bound up with" her discussion regarding whether plaintiff should be prosecuted. For example, Ms. Ortanez explains:

> The SAR includes a description of the scope...and strategy of the investigation; my analysis of what the evidence obtained proves or demonstrates (and what it does not prove); my recommendation regarding what additional evidence, if any, should be sought; my analysis of the strengths and weaknesses of the government's case against plaintiff; and my recommendation regarding prosecution potential.

As for the exhibits attached to the SAR, SA Ortanez explains:

> I selected these exhibits from the total volume of information obtained as the best and strongest evidence regarding the issues, guided by my knowledge of the types and quality of evidence necessary to prove a criminal allegation in trial. These exhibits were selected to support the information stated in the SAR....

Clearly, because the facts and exhibits referenced in the SAR were included in order to explain and support SA Ortanez's opinion regarding whether plaintiff should be prosecuted, if such information were disclosed it would reveal Ortanez's thought processes.[2] Therefore, such material is exempted from disclosure pursuant to Exemption 5.

Because the court concludes that the entire SAR, including the attached exhibits, are protected from disclosure pursuant

---

**2.** It is irrelevant that SA Ortanez is not an attorney. "[T]he attorney work product privilege protects 'against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney *or other representative*

*of a party* concerning the litigation.' " *Mervin v. Federal Trade Comm'n,* 591 F.2d 821, 825 (D.C.Cir.1978) (quoting Fed.R.Civ.P. 26(b)(3)) (emphasis added).

to Exemption 5, the court need not reach defendants' additional arguments regarding why disclosure is not required.

## IV. Conclusion

For the reasons set forth above, defendants' motion for summary judgment is granted. The Clerk shall enter judgment for defendants accordingly.

**IT IS SO ORDERED.**