54

UNITED STATES of America Plaintiff,

v.

ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., Guernsey Branch, Account Number 121128, in the Name of Pavlo Lazarenko et al., Defendants In Rem.

Civil Action No. 04-798 (PLF/GMH)

United States District Court,
District of Columbia.

Signed August 27, 2015

Daniel Hocker Claman, Hector G. Bladuell, Allison Ickovic, Teresa Carol Turner-Jones, U.S. Department of Justice, Washington, DC, for Plaintiff.

Bryant Everett Gardner, Winston & Strawn LLP, Washington, DC, Doron Weinberg, Weinberg & Wilder, San Francisco, CA, for Defendants In Rem.

## MEMORANDUM OPINION

G. MICHAEL HARVEY, UNITED STATES MAGISTRATE JUDGE

On March 26, 2015, this case was referred to the undersigned for purposes of management of discovery and resolution of any discovery-related disputes. Currently ripe for resolution by the undersigned is Claimant Pavel Lazarenko's Second Motion to Compel. After a thorough review of the parties' briefs concerning Claimant's motion, of the arguments of counsel at hearing on the motion on August 11, 2015, and of the entire record herein, the Court will deny the motion.[1]

## BACKGROUND

The factual background concerning this eleven-year-old in rem asset forfeiture action has been described in multiple opinions by Judge Friedman. See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 772 F.Supp.2d 191, 194 (D.D.C.2011).[2] This Court will not repeat that lengthy history here. The facts that are pertinent to adjudication of the motion to compel are summarized below.

In its First Amended Complaint, the United States seeks the forfeiture of more than $250 million deposited in over twenty bank accounts located in Guernsey, Antigua and Barbuda, Switzerland, Lithuania, and Lichtenstein. First Amended Complaint [Dkt. 20] at ¶¶ 1, 5. The government alleges that the money in those accounts is traceable to a "variety of acts of fraud, extortion, bribery, misappropriation, and/or embezzlement" committed by Claimant, the former Prime Minister of the Ukraine, or by his associates, between 1992 and 1998. Id. at ¶¶ 6, 8, 10. The United States asserts its right to the funds pursuant to federal statutes that provide for the forfeiture to the government of funds traceable, or otherwise related to or involved in, criminal activity that occurred at least in part in the United States. Id. at ¶ 1.

1. The briefs submitted in connection with Claimant's Second Motion to Compel are: (1) Claimant Pavel Lazarenko's Second Motion to Compel [Dkt. 369] ("Mot."); (2) United States' Opposition to Claimant Pavel Lazarenko's Second Motion to Compel [Dkt. 405] ("Opp."); (3) Claimant Pavel Lazarenko's Reply Brief in Support of his Second Motion to Compel [Dkt. 407] ("Reply"); (4) United States' Motion for Leave to File Sur-reply in Opposition to Claimant Pavel Lazarenko's Second Motion to Compel [Dkt. 410] ("Sur-reply"); and (5) United States' Supplemental Statement Concerning IRS Special Agent Report ("Suppl. Statement re: SAR") [Dkt. 431].

2. See also United States v. All Assets Held at Bank Julius Baer & Co, Ltd., 772 F.Supp.2d 205 (D.D.C.2011); United States v. All Assets Held at Bank Julius Baer & Co. Ltd., 664 F.Supp.2d 97 (D.D.C.2009); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F.Supp.2d 1 (D.D.C.2008).

Based on some of the same conduct identified in the Amended Complaint, Claimant was indicted in the Northern District of California in 2001 for, inter alia, money laundering, wire fraud, honest services fraud, and transportation of stolen property. Id. at ¶ 17. In preparation for its criminal prosecution against Claimant, the United States obtained an IRS "Summary of Investigation," also known as a "Special Agent's Report" ("SAR"). Mot. at 1. The SAR was prepared by the IRS Criminal Investigation Division. Id. The SAR summarized facts, including witness interviews, related to money-laundering claims against Claimant. Opp. at 1–2. The SAR also analyzed those facts, providing recommendations as to which charges should be brought in light of the evidence. Id. at 2. The instant motion concerns Claimant's request for production of the SAR. Mot. at 1.

## LEGAL STANDARDS

### A. Scope of Discovery

■ It has long been recognized that, "[u]nder the broad sweep of Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party 'may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved.' " Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1348–49 (D.C.Cir.1984) (quoting Fed. R. Civ. P. 26(b)(1)). "The broad presumption of Rule 26 in favor of discovery, however, is bounded by the limitations that 'come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege.' " Pederson v. Preston, 250 F.R.D. 61, 64 (D.D.C.2008) (quoting Ass'n for Women in Sci. v. Califano, 566 F.2d 339, 343 (D.C.Cir.1977)).

### B. Motions to Compel

■ Rule 37 of the Federal Rules of Civil Procedure provide that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). A party seeking discovery may move for an order "compelling an answer, designation, production or inspection" from a party who fails to comply with Rules 33 (interrogatories) or 34 (documents requests). Id.(a)(3)(A). "The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete." Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 32 (D.D.C. 2007) (internal citations omitted). However, a party asserting a privilege or work-product protection bears the burden to establish that the privilege applies. United States v. ISS Marine Servs., Inc., 905 F.Supp.2d 121, 134 (D.D.C.2012).

## DISCUSSION

In his motion, Claimant argued that the SAR is relevant, and therefore discoverable, because it summarizes facts used to support the charges made against him in the prior criminal prosecution. Mot. at 4. The government responded, claiming that discovery of the SAR is prohibited under Federal Rule of Criminal Procedure 16(a)(2), the work-product doctrine, the deliberative process privilege, and Jencks and Brady. Opp. at 3–9. The government further asserted that the SAR contains confidential grand jury materials which cannot be disclosed. Id. at 2 n.2. To support its assertion of the deliberative process privilege, the government submitted the affidavit of Richard Pietrofeso, an attorney with IRS Chief Counsel for Criminal Tax. Id. at 8.

Claimant replied, arguing that the government failed to properly assert the deliberative process privilege because Mr. Pietrofeso was not authorized to assert the privilege as to the SAR. Reply at 3. Claim-

ant observed that Mr. Pietrofeso does not work for the IRS Chief Counsel for Procedure and Administration, which is the only branch of the IRS permitted to assert the deliberative process privilege. Id. at 3–4. Further, Claimant contended that the vast majority of the SAR is not related to the recommendations of the Special Agent but instead consists of factual information like witness interviews. Id. at 6–7. Claimant also argued that the work-product doctrine was inapplicable because the SAR was not prepared in anticipation of litigation. Id. at 8–9. Finally, Claimant argued that any grand jury materials in the SAR should be redacted, but that the remainder of the SAR should be produced. Id. at 9.

The government requested leave to file a sur-reply to Claimant's reply. Sur-reply at 1. In its sur-reply, the government sought to introduce the affidavit of Richard Goldman, Deputy Associate Chief Counsel of Procedure and Administration within the IRS Office of Chief Counsel. Id. at 1–2. The government claimed that the supplemental affidavit cured any deficiencies in the assertion of the deliberative process privilege resulting from Mr. Pietrofeso's lack of authority. See id.

As a preliminary matter, the Court disposed of several of these arguments at the August 11, 2015 hearing. First, the Court determined that the Federal Rules of Civil Procedure, not the Federal Rules of Criminal Procedure, govern this civil proceeding. As a result, Federal Rule of Criminal Procedure 16(a)(2) provides no basis for objection to the government.[3] Likewise, the Court found that neither Jencks nor

Brady apply in this civil case, so neither provides a basis for Claimant to compel production of the SAR.[4] Finally, counsel for the government represented at the hearing that the government has authority, pursuant to an order from the District Court for the Northern District of California, to release any grand jury information in the SAR. Thus, the government's grand-jury objection is without merit.

■■■■ As a result, only the work-product doctrine and deliberative process privilege remain for resolution. Both doctrines protect the mental processes and opinions of the drafter of the document in question. Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 2, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001); Mervin v. F.T.C., 591 F.2d 821, 825 (D.C.Cir.1978). Both doctrines also protect factual material that is bound up with the drafter's opinions and recommendations, but each recognizes that facts not intertwined with opinions are more readily discoverable. EPA v. Mink, 410 U.S. 73, 87, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); Mervin, 591 F.2d at 826. Yet the work-product doctrine's protection of facts is slightly stronger because it requires an additional showing of "adequate reasons" why such facts, even those not intertwined with the drafter's opinions, should be discovered. F.T.C. v. Boehringer Ingelheim Pharms., Inc., 778 F.3d 142, 153 (D.C.Cir.2015); see also Fed. R. Civ. P. 26(b)(3)(A)(ii) (to obtain discovery of factual work product, a party must demonstrate "substantial need for the materials to prepare its case" and that the party "cannot, without undue hardship, obtain their sub-

---

3. Of course, the internal reports or memoranda normally protected in criminal proceedings under Rule 16(a)(2) may well be protected by other privileges applicable to the civil context, e.g., the work-product doctrine or deliberative process privilege. These doctrines are addressed further below.

4. As with criminal Rule 16(a)(2), Jencks or Brady material are not treated similarly in the civil and criminal contexts. Nevertheless, in a civil case, a party may obtain the same material in response to an otherwise proper discovery request to the government.

stantial equivalent by other means"). Additionally, to discover another party's work product, a party must demonstrate "undue hardship in acquiring the information any other way." Dir. Off. of Thrift Supervision v. Vinson & Elkins, LLP, 124 F.3d 1304, 1307 (D.C.Cir.1997). When a party has acquired the information in the work product through other means, he cannot make this showing of unavailability. See id. at 1308.

■ As a threshold matter, the Court must determine whether the SAR meets the requirements for work-product protection. This Court finds that it does. This entails three related questions: (1) whether the fact that an IRS agent prepared the SAR prevents the assertion of work-product protection; (2) whether the SAR was created in anticipation of litigation; and (3) whether the work-product doctrine protects the SAR if it was prepared in anticipation of Claimant's prior criminal prosecution rather than the instant civil litigation. First, the work-product doctrine protects materials "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). As the Rule states, work-product protection is available not only for those materials prepared directly by an attorney but also materials prepared by an agent of the attorney. United States v. Nobles, 422 U.S. 225, 238–39, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); Mervin, 591 F.2d at 825.

Furthermore, work-product protection encompasses materials prepared by agents of an attorney in criminal cases. Nobles, 422 U.S. at 238, 95 S.Ct. 2160. In Nobles, the defendant asserted work-product protection for a report prepared by an investigator which summarized witness interviews. Id. at 227, 95 S.Ct. 2160. The Court

first observed that the work-product doctrine extends to criminal proceedings. Id. at 238, 95 S.Ct. 2160. The Court further concluded that the doctrine should extend to agents of attorneys, reasoning that "attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself." Id. at 238–39, 95 S.Ct. 2160.

This rule has been applied to claims of work-product protection in circumstances similar to those present in this case, i.e., where the government is plaintiff and claims work-product protection for an agent's investigative reports. See, e.g., U.S. v. Chatham City Corp., 72 F.R.D. 640, 643 (S.D.Ga.1976); see also Fed. Open Market Comm. of Fed. Res. Sys. v. Merrill, 443 U.S. 340, 356, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979) ("The Federal Rules, of course, are fully applicable to the United States as a party."). Accordingly, the Court finds no bar to the assertion of work-product protection merely because an IRS agent prepared the SAR.

Second, this Court finds that the SAR was prepared in anticipation of Claimant's prior criminal prosecution. Youngblood v. Comm'r, No. 2:99–CV–9253–R(RNBX), 2000 WL 852449, at *12–13 (C.D.Cal.2000) (SAR constituted work product in FOIA case although originally prepared in anticipation of criminal prosecution); Shacket v. U.S., 339 F.Supp.2d 1092, 1096 (S.D.Cal. 2004) (same). The SAR was addressed to the U.S. Attorney for the Northern District of California and was submitted prior to the return of the superseding indictment against Claimant. See Opp. at 5–7. Further, it was prepared in order to apprise the U.S. Attorney of the IRS's recommendations for criminal charges against

Claimant. Id. For these reasons, the instant case is unlike United States ex rel. Landis v. Tailwind Sports Corporation, 303 F.R.D. 419 (D.D.C.2014). There, the plaintiff brought a qui tam action against the defendant. Id. at 420. The government was simultaneously performing a criminal investigation of the defendant. Id. After the conclusion of the criminal investigation, the government intervened in the civil suit. Id. at 421–22. The defendant attempted to compel the government to produce several interview memoranda prepared by law enforcement officers during the criminal investigation. Id. at 424. The government contended that the memoranda were work product because they were prepared in anticipation of criminal prosecution. Id.

The court questioned whether the memoranda were in fact prepared in anticipation of litigation, since law enforcement officers routinely produce such memoranda during their investigations without the direction or involvement of government attorneys. Id. Regardless, the court found that, assuming the memoranda were in fact prepared in anticipation of litigation, those memoranda would constitute work product created by the agents of the government's attorneys. Id. As a result, the court went on to analyze whether the memoranda were nevertheless discoverable as fact or opinion work product. See id. at 425.

Landis confirms that a government agent's work on behalf of a federal prosecutor can be protected as work product. Furthermore, although the Landis court expressed doubts as to whether the interview memoranda in that case were prepared in anticipation of litigation, here it is clearer that the SAR was prepared for use by the government's attorneys to decide whether and what charges to bring against Claimant. In other words, the SAR was prepared because of the prospect of criminal proceedings against Claimant. Boehringer, 778 F.3d at 149 (a document is prepared in anticipation of litigation where " 'the document can fairly be said to have been prepared or obtained because of the prospect of litigation' ") (quoting United States v. Deloitte, 610 F.3d 129, 137 (D.C.Cir.2010)). As a result, the Court finds that the SAR was prepared in anticipation of the criminal prosecution of Claimant.

Finally, the fact that the SAR was prepared for a prior proceeding does not foreclose the government's assertion of work-product protection in this case. A party may assert work-product protection in a subsequent suit if that party was also a party in the prior suit. F.T.C. v. Grolier, 462 U.S. 19, 25, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983); see also Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 620 (N.D.Cal.2005) (applying identity of parties rule and finding that work-product of criminal defendant's attorney carried over into subsequent civil-rights suit by criminal defendant). In Doubleday, the court found that a prosecutor could not assert work-product protection in a civil suit over documents prepared in prior criminal proceedings because the government was a party only to the criminal, not the civil, action. Doubleday v. Ruh, 149 F.R.D. 601, 605–06 (N.D.Cal.1993). Here, of course, the United States was a party to the criminal prosecution of Claimant and is a party to the instant forfeiture suit. No more is required for the government to assert work-product protection here over materials prepared in anticipation of the criminal prosecution.

Having found that the SAR is entitled to work-product protection, the Court must now determine whether there is fact work product or opinion work product within the SAR that is nevertheless discoverable based on a showing of need and unavaila-

bility. See Fed. R. Civ. P. 26(b)(3)(A)(ii). As to the factual material contained in the SAR, this question is easily resolved. Claimant cannot make the required showing of unavailability. On August 19, 2015, plaintiff filed a status report indicating that all facts asserted in the SAR have been disclosed to Claimant. See Suppl. Statement re: SAR. As a result, there are no facts contained in the SAR that are being withheld from Claimant under any objection or claim of privilege, including work-product protection and the deliberative process privilege. The arguments on this point are therefore moot.

With respect to opinion work product in the SAR, i.e., the IRS agent's recommendations and conclusions, Claimant would be required to make an extraordinary showing of necessity to obtain them. See Fed. R. Civ. P. 26(b)(3)(B) (a court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"); Landis, 303 F.R.D. at 425 (observing that opinion work product "is virtually never discoverable"); Boehringer, 778 F.3d at 153 ("A party generally must make an 'extraordinary showing of necessity' to obtain opinion work product.") (quoting In re Sealed Case, 676 F.2d 793, 811 (D.C.Cir. 1982)). Claimant has not even attempted to make such a showing here. Accordingly, Claimant may not discover the conclusions, opinions, or recommendations contained in the SAR.[5]

## CONCLUSION

Wherefore, for the foregoing reasons, Claimant's Second Motion to Compel [Dkt. 369] is **DENIED**. Plaintiff's Motion for Leave to File Sur-reply [Dkt. 410] is **DE-**

---

5. Because the Court finds that the remainder of the SAR should be protected as opinion work product, it does not reach the question

NIED as moot. An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

---

of whether the SAR is also protected under the deliberative process privilege.